COMPLAINT EXHIBIT 4

Laura Avila, Assessor-Recorder
Kern County Official Records

SA
3/09/2023
11:49 AM

Old Republic Title Company

141l015  876-DB

Recording requested by and
After recording, return to:

Virginia M. Pedreira
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, Washington  98101

Loan No. 200384

Exempt from fee
per GC 27388.1(a)(1);
fee cap of $225.00 reached

Recorded Electronically by:
451 Old Republic Title Company

DOC#: 223027305



223027305

| Stat Types: 1 | Pages: 18 |
| --- | --- |
| FEES | 64.00 |
| TAXES | .00 |
| OTHER | .00 |
| PAID | 64.00 |

## CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT

*(Kern County, California)*

This CONSENT TO TRANSFER AND ASSUMPTION AGREEMENT (this "**Agreement**") is made as of March 8____, 2023_ (the "**Effective Date**"), by and among CARREON HOLDINGS, LLC, a California limited liability company ("**Carreon**"); WELLS AGC HOLDINGS, LLC, a California limited liability company ("**Wells**", and collectively with Carreon, "**Original Borrowers**"); PANOCHE PISTACHIOS, LLC, a California limited liability company ("**Panoche**"); WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company ("**Willow**", and collectively with Panoche, "**Transferee Borrowers**"); and METLIFE REAL ESTATE LENDING LLC, a Delaware limited liability company ("**Beneficiary**").

## RECITALS

A.     Original Borrowers are the current borrowers under a Loan (the "**Loan**") made by Beneficiary evidenced by that certain Promissory Note dated September 27, 2019, by Original Borrowers in the original principal amount of $6,485,000.00 (the "**Note**"). Farid Assemi, Farshid Assemi, and Darius Assemi, collectively referred to as "**Guarantors**," each executed a Loan Guaranty Agreement dated September 27, 2019, for the benefit of Beneficiary in support of the Loan.

B.     The Loan is secured by, among other things, that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing by Original Borrowers for the benefit of Beneficiary dated as of September 27, 2019, and recorded on September 27, 2019, in the Official Records of Kern County as Document No. 219126498 (the "**Deed of Trust**"). The Deed of Trust encumbers certain real property (the "**Real Property**") located in Kern County, California, as more particularly described on <u>Exhibit A</u> attached hereto, and certain personal property as more particularly described therein (collectively with the Real Property, the "**Property**").

1

C.     The Loan is also evidenced and supported by (i) that certain Loan Agreement dated September 27, 2019, by and among Original Borrowers, Guarantors, and Beneficiary ("**Loan Agreement**"); and (ii) a separate Unsecured Environmental Indemnity Agreement dated September 27, 2019, by Original Borrowers and Guarantors in favor of Beneficiary regarding the Real Property (the "**Unsecured Indemnity**").

D.     The Note, the Deed of Trust, the Loan Agreement, the Unsecured Indemnity, and all other documents evidencing or securing the Loan are herein referred to as the "**Loan Documents**." Capitalized terms used but not defined herein shall have the meanings given in the Deed of Trust.

E.     Original Borrowers and Transferee Borrowers have requested that Beneficiary consent to (i) the transfer of the ownership interests of Original Borrowers in the Property (including any interest held, if any, in the water infrastructure, fixtures, water rights, growing crops, equipment and related personal property located on or used in connection with the Property) to Transferee Borrowers (the "**Transfer**"), and (ii) the assumption of the Loan by Transferee Borrowers, jointly and severally with the other Transferee Borrower (the "**Assumption**"). Beneficiary has agreed to provide its consent to the Transfer and the Assumption as more particularly provided herein.

## AGREEMENTS

NOW THEREFORE, for good and valuation consideration, the receipt and adequacy of which are hereby acknowledged, and in consideration of the consent by Beneficiary to the Transfer and the Assumption, the parties do hereby agree as follows:

1.     <u>Confirmation of Loan</u>.  All of the Loan Documents are hereby confirmed by Original Borrowers as being valid, in full force and effect, and Original Borrowers each acknowledge that (a) there are no defenses or offsets to any of their respective obligations thereunder, (b) they have performed all of their obligations thereunder to this date, and (c) Beneficiary has performed all of its obligations, if any, to this date.  The parties hereto confirm that the outstanding principal balance of the Note as of the date hereof is $6,485,000.00, and there is accrued but unpaid interest owing under the Note at the rate or rates set forth therein.

2.     <u>Assumption of the Loan</u>.  As of the Effective Date, each Transferee Borrower hereby assumes and agrees to pay and perform all of the obligations evidenced by the Note and the other Loan Documents, as amended by this Agreement, and this Agreement, and agrees for the benefit of Beneficiary and its successors and assigns, to be bound by, observe and perform, all past (to the extent unsatisfied), present and future liabilities, terms, provisions, covenants and obligations of Original Borrowers under the Note and the other Loan Documents, as amended by this Agreement, including, without limitation, all covenants and indemnities regarding the Property, all claims and demands asserted by Beneficiary that relate to any condition of the Property, regardless of when such condition first failed to comply with the Loan Documents, as

2

well as the obligation to repay the balance of the Loan. Each Transferee Borrower agrees that it is bound by all of such terms and provisions, and further agrees to promptly pay all such liabilities and, jointly and severally with the other Transferee Borrower, to promptly observe and perform all such covenants and obligations, with the same force and effect as if each Transferee Borrower had originally executed and delivered the Note.  As of the Effective Date, all references to "Borrower," "Borrowers", "Debtor," "Debtors", "Trustor" or "Trustors" in the Loan Documents shall mean Panoche Pistachios, LLC, a California limited liability company, and WILLOW AVENUE INVESTMENTS, LLC, a California limited liability company, jointly and severally.

3.     <u>Consent to Transfer and Assumption</u>.  Subject to the conditions contained herein, Beneficiary hereby consents to the Transfer and the Assumption by Transferee Borrowers of all of the rights and liabilities of Original Borrowers in and under the Loan and the Note as set forth in Section 2 above and the other Loan Documents to which any of Original Borrowers is a party.

4.     <u>Release of Non-Borrower Trustors</u>.  The liability of Original Borrowers under the Deed of Trust and the Loan shall be released and terminated as of the Effective Date.  On and after the Effective Date, all references in the Deed of Trust to "Trustor" or "Borrower" shall be modified to exclude Original Borrowers.

5.     <u>Release of Beneficiary</u>.  As part of the consideration for this Agreement, Original Borrowers hereby each acknowledge that they have no claims against Beneficiary in connection with the Loan or the Transfer and the Assumption and release Beneficiary from, and covenant not to bring any suit against Beneficiary for, any such claim based on any facts existing on and prior to the Effective Date of this Agreement.  Said releasing parties acknowledge that this release extends to known and unknown claims.  Such parties acknowledge and agree that they understand the meaning and the effect of Section 1542 of California Civil Code which provides:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Such parties hereby respectively agree to assume the risk of any and all unknown, unanticipated or misunderstood defenses, claims, causes of action, contracts, liabilities, indebtedness or obligations which are hereby released in favor of the other and each party releases and waives all rights and benefits that they might otherwise have had under the aforementioned Section 1542 of the California Civil Code with regard to the release of such unknown, unanticipated or misunderstood claims, causes of action, liabilities, indebtedness and obligations based on any facts existing prior to the Effective Date.

6.     <u>Representations and Warranties</u>.  As of the Effective Date, each of Original Borrowers and Transferee Borrowers (collectively, "**Obligors**") hereby represents and warrants to Beneficiary as follows:

3

(a)    <u>Consequences of Loan Structure</u>.  None of the Obligors is insolvent as of the date of this Agreement.  No Obligor will not become insolvent as a result of the obligations incurred and transfers made in connection with the Transfer and Assumption as provided herein. No Obligor is, or is about to be, engaged in a business or transaction for which such Transferee Borrower will have an unreasonably small amount of capital after the closing of the Transfer and Assumption.  No Obligor has incurred, nor contemplates incurring, debts beyond such Obligor's ability to pay as such debts become due. Transferee Borrowers and Guarantors agree, represent and warrant all of the statements, covenants and provisions set forth in Section 7 of the Loan Agreement regarding the benefits and consequences of the structure of the Loan.

(b)    <u>Authority</u>.  The execution, delivery and performance of this Agreement and any and all other Loan Documents or other documents executed and/or delivered in connection herewith have been authorized by all Obligors.

(c)    <u>No Default</u>.  No default or event of default under the Loan Documents has occurred that remains uncured, and no event has occurred which, with the giving of notice or the passage of time, or both, would constitute a default or an event of default under the Loan Documents.

(d)    <u>Representations and Warranties</u>.  All of the warranties and representations contained in the Loan Documents are true, correct, complete and accurate on the date of this Agreement, except as may be amended or changed due to this Agreement.

(e)    <u>No Foreign Person</u>.  Obligors, and all persons holding directly or indirectly any beneficial interest in Obligors, have complied with all filing and reporting requirements under the International Investment and Trade in Services Survey Act, the Agricultural Foreign Investment Disclosure Act of 1978, the Foreign Investments in Real Property Tax Act of 1980, and the amendments of such Acts or regulations promulgated pursuant to such Acts.

7.    <u>Obligations Secured</u>.  The Deed of Trust, as amended by this Agreement, shall continue to secure the entire principal and interest of the Note, and the other obligations stated in the Deed of Trust as so secured.  Each Transferee Borrower acknowledges that it is acquiring the interest in the Property subject to the Deed of Trust, as amended by this Agreement, and hereby grants to Beneficiary as additional security for the Loan a security interest in the Proceeds, Crops, Water Rights, Improvements, Intangibles, Minerals, as such terms are defined in the Deed of Trust, and any personal property, and the proceeds thereof, which are or hereafter become located upon, derived from or used in connection with the Property and all replacements, accessions and additions thereto as described in the Deed of Trust.  Said security interest and Beneficiary's rights with respect thereto shall be governed by the terms of the Deed of Trust, as amended by this Agreement, which for such purpose are incorporated herein by this reference, and shall be perfected by the filing by Beneficiary of an amendment to the existing financing statement, or at Beneficiary's election, a new financing statement in which each Transferee Borrower is identified

4

as a debtor.  The Deed of Trust, as amended by this Agreement, constitutes a financing statement filed as a fixture filing under the Uniform Commercial Code and for this purpose each Transferee Borrower shall be deemed to be the "Debtor" with an address as set forth in Section 8 hereof. Transferee Borrowers are the record owners of the Property.

     8.    <u>Notices</u>.  Notices to Transferee Borrowers under the Loan Documents shall be provided at the following addresses:

> PANOCHE PISTACHIOS, LLC
> 5260 N Palm Ave, Suite 421, Mail Stop A
> Fresno, CA 93704

> WILLOW AVENUE INVESTMENTS, LLC
> 5260 N Palm Ave, Suite 421, Mail Stop A
> Fresno, CA 93704

     9.    <u>Expense Reimbursements</u>.  Transferee Borrower or Original Borrowers shall reimburse Beneficiary, or shall cause Beneficiary to be reimbursed, upon demand for all title premiums, title search charges, UCC search or filing fees, escrow fees, documentary stamps, intangible taxes, recording fees and other costs, expenses and reasonable attorneys' fees incurred by Beneficiary in connection with this Agreement or the satisfaction of any of the closing conditions (the "**Expense Reimbursements**"), regardless of whether the Transfer or the Assumption contemplated by this Agreement are consummated.  If the Transfer and the Assumption of the Loan does not close, all Expense Reimbursements shall be paid to Beneficiary by Transferee Borrowers or Original Borrowers within ten (10) days of Beneficiary's billing of such charges to Transferee Borrowers or Original Borrowers.

     10.    <u>No Implied Modifications</u>.  Except as otherwise stated in this Agreement, nothing herein contained shall be considered as modifying, releasing, altering or affecting the Deed of Trust, the original priority of the Deed of Trust, or the rights, benefits, duties or obligations of the parties thereto.

     11.    <u>Integration</u>.  All rights, remedies, powers and interest provided for Beneficiary herein are in addition to the rights, remedies, powers and interests provided for Beneficiary in the Loan Documents, the terms and provisions of which are incorporated herein by this reference and made a part hereof.  If and to the extent that any term or provision hereof is inconsistent with any term or provision of the Loan Documents, the term or provision of this Agreement shall prevail.

     12.    <u>Entire Agreement; Amendments</u>.  This Agreement and the other Loan Documents contain the entire agreement between Original Borrowers, Transferee Borrowers, and Beneficiary with respect to the Loan Documents, and all prior negotiations, commitments, understandings and agreements are superseded by this Agreement and the Loan Documents.  No amendment, modification, supplement, extension, termination or waiver of any provision of this Agreement,

Consent to Transfer and Assumption Agreement
Panoche Pistachios, LLC - Willow Avenue Investments, LLC
Loan No. 200384
117149819.2 0053564-00568

any Loan Document, or any other agreement executed in connection with any of the foregoing shall be effective unless in writing and signed by Beneficiary.

13. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of California.

14. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, all of which shall constitute but one and the same instrument. The signature pages of exact copies of this Agreement may be attached to one copy to form one complete document. Each executed counterpart of this Agreement shall be deemed an original and may be recorded in any county in which any portion of the Property is located.

15. <u>Consent Limited; No Waiver</u>. Beneficiary's consent in this Agreement is limited to this transaction only, and this Agreement shall not constitute a waiver or modification of any terms, provisions or requirements of the Loan Documents in any respect except as herein specifically set forth or as otherwise expressly agreed to by Beneficiary in writing, including any conditions to or fees which may be imposed for any future transfer or conveyance of the Property or any interest in Original Borrowers or Transferee Borrowers.

*[Remainder of Page Intentionally Left Blank]*

6

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first written above.

**ORIGINAL BORROWERS:**

CARREON HOLDINGS, LLC,
a California limited liability company

By: _____
Darius Assemi, its Manager

By: _____
Nader Assemi, its Manager

By: _____
Neema Assemi, its Manager

WELLS AGC HOLDINGS, LLC,
a California limited liability company

By: _____
Darius Assemi, its Manager

By: _____
Nader Assemi, its Manager

By: _____
Neema Assemi, its Manager

Signature Page

**TRANSFEREE BORROWERS:**

PANOCHE PISTACHIOS, LLC,
a California limited liability company

By: _____   *Darius Assemi*
Darius Assemi, its General Manager

By: _____   *Nader Assemi*
Nader Assemi, its General Manager

By: _____   *Neema Assemi*
Neema Assemi, its General Manager


WILLOW AVENUE INVESTMENTS, LLC,
a California limited liability company

By: _____   *Neema Assemi*
Neema Assemi, its Manager

By: _____
Darius Assemi, its Manager


Signature Page

**BENEFICIARY:**

METLIFE REAL ESTATE LENDING LLC,
a Delaware limited liability company

By:    MetLife Investment Management, LLC,
      its investment manager

      By: _____
      Name: Robert Frudden
      Its: Authorized Signatory and Director

Signature Page

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
)
COUNTY OF Fresno )

On February 14 , 2023, before me, Katrina Ingrao , Notary Public, personally appeared Neema Assemi , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

KATRINA INGRAO
Notary Public - California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA        )
                              )
COUNTY OF Fresno       )

On February 17, 2023, before me, Katrina Ingrao, Notary Public, personally appeared Nader Assemi, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ **(Seal)**

KATRINA INGRAO
Notary Public · California
Fresno County
Commission # 2341249
My Comm. Expires Jan 12, 2025

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of Fresno           )

On __2/23/23__ before me, _____ **Chelsea Amanda McCliment, Notary Public**

(Insert name and title of officer)

personally appeared **Darius Assemi**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

CHELSEA AMANDA MCCLIMENT
Notary Public - California
Fresno County
Commission # 2392587
My Comm. Expires Feb 2, 2026

Signature _____                    (Seal)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA                    )
                                       )ss.
COUNTY OF _Fresno_                     )

On _March 6_, 2023, before me, _Erin E Thorpe_, a Notary Public in and for said State, personally appeared _Robert Frudden_, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

ERIN E. THORPE
COMM. #2311628
Notary Public · California
Fresno County
My Comm. Expires Dec. 4, 2023

_Erin E Thorpe_
Notary Public in and for said
County and State

Signature Page

## EXHIBIT A

### Legal Description of Real Property

*(Kern County, California)*

The land referred to is situated in the unincorporated area of the County of Kern, State of California, and is described as follows:

PARCEL ONE:

Parcel 2 of Parcel Map 3305, in the County of Kern, State of California, as per Map recorded April 1, 1976 in Book 15, Page 129 of Parcel Maps, in the Office of the County Recorder of said County.

Excepting therefrom all oil, gas and minerals therein and thereunder.

APN: 239-070-48-01-0

PARCEL TWO:

Parcels 1, 2, 10, 11, 18 and 19, of Parcel Map 1611 in the unincorporated area of the County of Kern, State of California as per Map filed August 27, 1974 in Book 11 Page 60 of Parcel Maps in the Office of the County Recorder of the County of Kern, also situated in portions of Section 3, Township 11 North, Range 22 West, San Bernardino Meridian, of said County.

Excepting therefrom the following described sites for the benefit of Wheeler Ridge-Maricopa Water Storage District, a California water storage district, organized and existing under the laws of the State of California.

Booster pumping plant site:

The East 100 feet of the West 160 feet of the North 100 feet of the South 130 feet of the East half of the Northeast quarter of said Section 3.

Water well site 11-22-30:

The East 100 feet of the West 125 feet of the North 100 feet of the South 140 feet of the Southeast quarter of said Section 3.

Water well site 11-22-3R and booster pumping plant site:

The West 100 feet of the East 130 feet of the North 200 feet of the South 300 feet of the Southeast quarter of said Section 3.

Exhibit A – Page 1

Consent to Transfer and Assumption Agreement
Panoche Pistachios, LLC - Willow Avenue Investments, LLC
Loan No. 200384
117149819.2 0053564-00568

Also except all minerals of whatsoever nature (including but not limited to oil, other hydrocarbons, gas and associated substances) in or under or that may be produced from the Southwest quarter and the Northeast quarter of said Section 2, as reserved by Shell Oil Company, a Delaware corporation, (successors in interest to Shell Oil Company of California, by mesne conveyances) in Deed recorded March 29, 1951 in Book 1791 Page 239 of Official Records.

Also except all oil, gas, minerals and other hydrocarbon substances within or underlying the Southeast quarter of said Section 2.

Also excepting all oil, gas and all other minerals of whatsoever kind or character, whether now known to exist, or hereafter discovered, (it being intended that the word "minerals" as used in this Grant Deed shall be defined in the broadest sense of the word, and shall include, but not be limited to, all hydrocarbons and other mineral substances and products, both metallic and non-metallic, solid, liquid, or gaseous) which are upon, in, under or may be produced from said real property; all salt water which is in, under or may be produced from said real property; the exclusive right, by whatsoever methods now or hereafter known, as Grantor deems advisable, to prospect for, investigate, explore for, drill for, mine, extract, remove and reduce to Grantor's exclusive possession and ownership, all oil, gas, salt water, and all other minerals which are upon, in, under or may be produced from said real property; the right to lay, construct, erect and place upon said real property, and use, maintain and operate thereon and thereafter remove all buildings, tanks, pressure plants and other machinery, fixtures and equipment, pipelines, telephone lines, electric power lines, roads, power houses and other structures and facilities deems advisable, for the full or partial enjoyment of and the exercise of the rights herein excepted and reserved; the right to exercise all rights and privileges herein excepted and reserved and any and all other rights and privileges upon said real property as Grantor deems necessary, incidental to or convenient for the operation of the premises, alone or co-jointly with neighboring lands, for oil, gas, casinghead gas, casinghead gasoline, salt water and all other minerals; the exclusive right to treat, process (but not refine), store upon, and remove from said real property, such oil, gas, salt water and other minerals; the unlimited and unrestricted rights of ingress to and from, over and across said real property, or any portion thereof, for all purposes deemed advisable by Grantor in the exercise of Grantor's rights hereunder; the exclusive right to produce by repressuring the subsurface sands or strata with fluids or gases, or by such other method or methods as the Grantor deems advisable, and to inject in and store, and thereafter remove from said real property oil, gas, casinghead gas, casinghead gasoline, salt water, and all other minerals thereon or therefrom and products thereof, whether produced from said real property or elsewhere; all rights and benefits or whatsoever kind or nature reserved or retained by Grantor, or its predecessors in title, as owner (lessor) in all existing oil and gas leases, or other mineral leases, covering any part of said real property and all other rights and appurtenances incident to such oil, gas and other mineral., grantor has, and at all times shall have, the exclusive right, without charge to grantor, to investigate, explore for, drill for, produce, remove and reduce to grantor's exclusive possession, use and ownership those quantities of fresh water from said real property deemed necessary by grantor to use in prospecting, exploring, drilling,

Exhibit A – Page 2

mining, producing, extracting, removing (including, but not limited to, use in unit operations, waterflood, thermal, or other secondary recovery methods, now or hereafter known) or other operations in connection with the full enjoyment and exercise of the rights herein excepted and reserved. Upon grantee providing proof thereof to grantor, its successors and assigns, shall Compensate grantee, or its successors, for any and all actual damage to improvements and growing crops upon said real property, if such damage is caused by grantor's operations. Grantor covenants and agrees that upon final abandonment of an operation for the exploration and/or production of oil, gas and related hydrocarbons it will restore the surface disturbed by such operation, as near as reasonably practical, to its natural condition, as reserved by Tenneco West Inc., in Deed recorded December 17, 1971 in Book 4611 Page 155 Official Records.

APN: 239-340-01-00-2
239-340-13-00-7
239-340-14-00-0
239-340-42-00-1
239-340-44-00-7
239-340-46-00-3

PARCEL THREE:

PARCEL 1:

The Southwest quarter of the Northeast quarter of Section 18, Township 29 South, Range 24 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all petroleum, gas, asphaltum and other hydrocarbons and other minerals within or underlying or that may be produced from said land, as reserved in the Deed from Elmer Harris, et al, recorded September 19, 1953, in Book 2125, Page 317 of Official Records.

APN: 103-100-21

PARCEL 2:

The Southeast quarter of the Northeast quarter of Section 18, Township 29 South, Range 24 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all minerals of whatsoever nature (including, but not limited to oil, gas and other hydrocarbons and associated substances) in or under or that may be produced from said lands, together with the right to prospect for, mine and/or drill for said minerals in and upon said lands and to produce, take and remove said minerals therefrom and the right for said purposes

Exhibit A – Page 3

Consent to Transfer and Assumption Agreement
Panoche Pistachios, LLC - Willow Avenue Investments, LLC
Loan No. 200384
117149819.2 0053564-00568

to enter upon said lands and erect, construct, maintain and operate thereon buildings, structures, machinery, installations, equipment, lines (including pipelines, telephone, telegraph and power lines), roads and other facilities and to use the surface and subsurface of said lands in any manner to aid in all or any of the aforesaid operations and in the storing , processing, removing and transporting of any of said minerals, together with the right to drill on said lands for water for use in any of the aforesaid operations and the free use of water so obtained, as reserved by Shell Oil Company, a corporation, in Deed recorded June 11, 1958, in Book 2963, Page 109, Official Records.

APN: 103-100-20

PARCEL 3:

The North half of the Northeast quarter of Section 18, Township 29 South, Range 24 East, Mount Diablo Base and Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

EXCEPTING THEREFROM all petroleum, gas, asphaltum and other hydrocarbons and other minerals whether similar to those herein specified or not, as reserved in the Deed from Fullerton Oil Company, a corporation of Arizona, recorded March 3, 1953, in Book 2047, Page 330 of Official Records.

APN: 103-100-19

PARCEL 4:

Parcel A of Lot Line Adjustment No. 32-07, in the unincorporated area, County of Kern, State of California, as per that certain Certificate of Compliance recorded January 23, 2008, File No. 0208009976, Official Records, more particularly described as follows:

All those portions of the North half of the North half of Section 8, Township 29 South, Range 24 East, Mount Diablo Base and Meridian, Kern County, California, being more particularly described as follows:

The West half of said North half of the North half of said Section 8.

Parcel Four A:

A non-exclusive 10 foot wide water line easement; non-exclusive 10 foot wide irrigation ditch easement; non-exclusive tail water sump easement; non-exclusive water well site easement; non-exclusive easement in gross for telecommunication site all over Parcel B of Lot Line Adjustment No. 32-07 as per Certificate of Compliance recorded January 23, 2008 as Document Number

Exhibit A – Page 4

Consent to Transfer and Assumption Agreement
Panoche Pistachios, LLC - Willow Avenue Investments, LLC
Loan No. 200384
117149819.2 0053564-00568

0208009976, Kern County Records all as reserved by Larry Douglas Wells and Kathleen Ann Wells in Grant Deed recorded February 22, 2008 as Document number 0208027428, Kern County Records.

Parcel Four B:

A one-half interest in the existing water well and all related pumps, motors, tanks and other equipment, being a portion of Parcel B of Lot Line Adjustment No. 32-07 as per Certificate of Compliance recorded January 23, 2008 as Document number 0208009976, Kern County Records. as reserved by Larry Douglas Wells and Kathleen Ann Wells in Grant Deed recorded February 22, 2008 as Document number 0208027428, Kern County Records.

APN: 103-040-37

Consent to Transfer and Assumption Agreement
Panoche Pistachios, LLC - Willow Avenue Investments, LLC
Loan No. 200384
117149819.2 0053564-00568